## DOMENECH *v.* MORET.

APELACIÓN procedente de la Corte de Distrito de Ponce.

No. 127.—Resuelto en junio 26, 1907.

ELECCIONES—IMPUGNACIÓN DE LA ELECCIÓN DE FUNCIONARIO—ALEGACIONES.—
La palabra ''*durante,*'' usada en una demanda en el sentido de que el de-

mandante pagó contribuciones *durante* determinado año fiscal, á fin de expresar su capacidad para figurar como candidato para el cargo de Alcalde, es equivalente y tiene la misma significación que la palabra inglesa "*in,*" usada en la sección 8 de la Ley Municipal de marzo 8, 1906.

ID.—EXCEPCIÓN PREVIA GENERAL.—En una decisión para impugnar la elección de un candidato á un cargo electoral, la demanda debe negar todos y cada uno de los hechos que sean necesarios para determinar la elegibilidad del demandado, pues de lo contrario será defectuosa y no contendrá los elementos necesarios para constituir una causa de acción.

ID.—CASOS EN QUE EL CANDIDATO ELEGIDO NO TENGA CAPACIDAD PARA DESEMPEÑAR EL CARGO.—En los casos en que el candidato elegido no reuna los requisitos necesarios para ser elegible, las cortes pueden declarar el cargo vacante, en un procedimiento adecuado, pero en estos casos, el candidato que le siga en orden, por haber recibido el mayor número de votos después que aquél, no tiene derecho á ser elegido para el cargo, siendo el Gobernador el que ha de nombrar la persona que deba desempeñarlo.

ID.—PROCEDIMIENTO PARA IMPUGNAR LA ELECCIÓN.—El procedimiento que señala la ley prescribiendo la forma de impugnar la elección de funcionarios, etc., aprobada en marzo 7, 1907, sólo tiene aplicación á aquellos casos en que, si prospera la demanda, el demandante tenga derecho á ser declarado electo para el cargo, y no á aquéllos en que la impugnación se funde en la inelegibilidad ó falta de capacidad del candidato electo.

Los hechos están expresados en la opinión.

Abogado del apelante: *Sr. José Tous Soto.*

Abogado del apelado: *Sr. Boerman.*

EL JUEZ ASOCIADO SR. WOLF, emitió la opinión del tribunal.

En el presente caso se estableció recurso de apelación contra la sentencia dictada por la Corte de Distrito de Ponce que declaraba con lugar la excepción previa general formulada á la demanda interpuesta por Manuel V. Domenech, sobre impugnación de la elección de Simón Moret Gallart, como alcalde de la ciudad de Ponce. La demanda es como sigue:

"El demandante Manuel Víctor Domenech, mayor de edad, viudo, ingeniero civil, vecino de Ponce, por sus abogados Francisco Parra Capó y José Tous Soto ante la honorable corte comparece y alega:

"I. Que el día 6 de noviembre de mil novecientos seis se verificó una elección general en Puerto Rico, en la cual figuraron para el cargo de alcalde de la municipalidad de Ponce, en la papeleta electoral de dicha municipalidad el demandante y el demandado, aquél por el Partido Republicano Puertorriqueño, y éste por el Partido Unión de Puerto Rico.

"II. Que al verificar el Consejo Ejecutivo el escrutinio de dicha elección, ha menos de noventa días, declaró electo Alcalde de Ponce á Don Simón Moret Gallart, ó sea, el demandado arriba mencionado.

"III. Que Don Simón Moret Gallart no tiene derecho á ejercer ninguna profesión, de acuerdo con las leyes de Puerto Rico, ni lo tenía en seis de noviembre de mil novecientos seis, ni con anterioridad; y que dicho Simón Moret Gallart, no pagó en el municipio de Ponce contribución alguna ni sobre la propiedad, ni por patentes, durante el año económico de 1905 á 1906; si bien en fecha 29 de agosto de 1906, con ánimo de adquirir aptitud legal para ser elegido como alcalde, verificó al municipio de Ponce el pago consignado en el recibo siguiente: Número 1292.—Municipio de Ponce.—Año económico de 1906-1907. Simón Moret ha pagado en esta tesorería municipal la suma de seis dollars, cents, por el concepto de dos coches de 4 asientos nos. 83-84 el año de 1905, 1906.—Ponce á 29 de agosto de 1906.—Son $6.—Francisco Cartagena, Tesorero Municipal.

"IV. Que Don Manuel V. Domenech es ciudadano de Puerto Rico, ha residido en dicha municipalidad por varios años inmediatamente anteriores al seis de noviembre de 1906, ejerce de acuerdo con las leyes, la profesión de ingeniero civil, es mayor de edad y paga contribución al municipio de Ponce por más de cinco dollars durante el ejercicio económico actual de 1906-1907 y las pagó á dicho Municipio durante el anterior de 1905-1906 y obtuvo el mayor número de votos para el cargo de alcalde después de D. Simón Moret Gallart.

"V. Que el comité local del Partido Republicano Puertorriqueño en Ponce, por medio de la prensa del partido, mediante hojas sueltas y carteles, fijados y repartidos profusamente en los sitios públicos y en los domicilios particulares de la ciudad y sus barrios y mediante la propaganda de sus oradores, notificó con mucha anterioridad al seis de noviembre de 1906 al cuerpo electoral de Ponce la incapacidad del candidato Don Simón Moret Gallart, por razón de no haber pagado una contribución mínima de cinco dollars durante el año económico de 1905 á 1906; y que todos ó la mayor parte de los electores del municipio de Ponce sabían á la fecha de la elección, ó sea el día antes mencionado, que el demandado carecía de capacidad legal para ser electo alcalde de Ponce.

"VI. Que Don Simón Moret Gallart ha tomado posesión del cargo de alcalde de Ponce y se encuentra actualmente ejerciendo las funciones de dicho cargo por efecto de la elección antes mencionada.

"En merito de lo expuesto, suplicamos á la honorable corte que se sirva dictar una sentencia contra el demandado, conteniendo los pronunciamientos siguientes:

"1. Declarando nula la elección de Don Simón Moret Gallart como alcalde de Ponce, por efecto de su inelegibilidad para tal cargo y ordenando se le desposea del mismo; y

"2. Declarando legalmente elegido para dicho cargo al demandante Don Manuel V. Domenech, instándole, ó posesionándole del mismo. —Ponce, P. R., febrero 2 de 1907."

La excepción previa declara que la demanda no aduce hechos suficientes que determinen una causa de acción. La incapacidad que se imputa al acusado es el haber dejado de pagar las contribuciones correspondientes al año fiscal de 1905-1906. Entendemos la palabra inglesa "in" ó la española "durante," según se emplea en la demanda como significativa de la misma idea contenida en el artículo 8 de la Ley de marzo 8 de 1906, relativa á municipalidades, la que en la subdivisión (5) prescribe, al hablar con respecto á candidatos para funcionarios municipales "que sean contribuyentes en dicho municipio sobre propiedad ó patentes comerciales ó industriales por la cantidad mínima de $5 y haber pagado también dichas contribuciones durante el año económico inmediatamente anterior á la fecha de dicha elección ó tener derecho á ejercer cualquiera profesión, de acuerdo con las leyes de Puerto Rico. La contribución pagada por la esposa, ó hijos sometidos á la patria potestad, dará al marido, ó al padre, el carácter de contribuyente." Por lo tanto, debe declararse que la demanda es defectuosa al no expresar la misma que ni la esposa del demandado, ni los hijos bajo su custodia, eran contribuyentes. Como tal pago capacitaría á un candidato para que la demanda pudiera producir efectos legales, sería indispensable que la misma negara todos los hechos que son necesarios para la elegibilidad del demandado.

Hay otro aspecto del caso. Cuando un candidato es inelegible, pero, sin embargo de esto, es la persona que recibe mayor número de votos, es innecesario que nosotros determine-

mos si el remedio para declarar vacante dicho cargo es el *quo warranto* ó algún otro procedimiento especial. Creemos que las cortes tienen facultad para considerar estas cuestiones á pesar de que el funcionario que puede hacer el nombramiento en caso de tales vacantes es el Gobernador de Puerto Rico, según lo prescribe el artículo 35 de la Ley de marzo 8, 1906, que ya ha sido citada. Pero en cuanto á la acción contra la cual se ha interpuesto recurso de apelación equivale á un procedimiento, con arreglo á la ley "prescribiendo la forma de impugnar la elección de funcionarios, etc.," aprobada en marzo 7 1907, tal procedimiento no puede prosperar, pues esa ley por sus propios términos es aplicable á casos en que el contendiente ó demandante tiene derecho á ser declarado electo si tuviera éxito. Si un candidato es inelegible las cortes deben declararlo así por medio de un procedimiento adecuado, no pudiendo el resultado de tal acción, tomada por la corte, servir para elegir al candidato que sigue según el orden. El poder ó facultad del nombramiento reside en el Gobernador. Cuestiones como esta han sido ya resueltas por las cortes. En *Saunders* v. *Haynes,* 13 Cal., 154, la corte se expresa en los siguientes términos: "Es mucho más justo y compatible con la teoría de nuestras instituciones declarar los votos así depositados (*i. e.* para un candidato inelegible), como simplemente inútiles para el objeto de una elección, que no dar á los mismos un efecto con el cual fracase la voluntd pública eligiendo para un cargo á una persona que lo sea conveniente." El caso de *Crewford* v. *Dumber* que se encuentra en 52 Cal., en la página 36, es análogo al presente.

Por las razones expuestas, debe confirmarse la sentencia apelada.

*Confirmada.*

Jueces concurrentes: Sres. Hernández y Figueras.

Jueces disidentes: Sres. Presidente Quiñones y Asociado MacLeary.